UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CVETKO DIMOVKSI

v.                                  CASE NO. 3:10CV 205 (JCH)

TOLISANO & DANFORTH LLC           May 4, 2010

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

This action claims relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. The FDCPA is a strict liability statute. Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996). Since this is a federal statutory cause of action, the defenses are limited to those set out in the statute itself. Howlett v. Rose, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by federal law."); *see also* Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 232 (4th Cir. 2007) ("To insist that some unarticulated, common law immunity survived the creation of the FDCPA would be to fail to give effect to the scope of the immunity articulated in the text").

An affirmative defense is the "'defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.'" Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir. 2003).   In an FDCPA case, there are only three defenses under §1692k(c)-(e): statute of limitations, reliance on an FTC advisory opinion, and bona fide error.

The Court may strike from defendant's answer "any insufficient defense," Fed. R. Civ. P. 12(f), so as to streamline the ultimate resolution of the case and avoid the waste of time and money involve in litigating spurious issues, by eliminating those issues early on. Kelley v. Thomas Solvent Co., 714 F. Supp. 1439, 1442 (W.D. Mich. 1989).

THIRD AFFIRMATIVE DEFENSE

Defendant's Third Affirmative defense, bona fide error under §1692k(c), is conclusory indeed: "The plaintiff's claims are barred in whole, or in part, by the application of the bona fide error defense set forth in 15 U.S.C. § 1692k (c)."

The bona fide error defense is fact-intensive. Wilhelm v. Credico Inc., 519 F.3d 416, 421 (8th Cir. 2008). 15 U.S.C. §1692k(c) mandates that the collector prove each part of the defense, i.e., that (1) "the violation was not intentional" and (2) "resulted from a bona fide error" and (3) was clerical, not an error of judgment and (4) that the debt collector maintained additional reasonable preventive procedures to avoid the error. This safe harbor is available only if each component is proven. Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989); Cacace v. Lucas, 775 F. Supp. 502, 505-06 (D. Conn. 1990) (mere mistake insufficient). If there is no showing of preventive procedures aimed at avoiding errors and only a claim of mistake, the defense fails. Reichert v. Nat'l Credit Sys., Inc., 531 F.3d 1002, 1006 (9th Cir. 2008) (defendant has the burden of proof). In addition, the procedures must be reasonably adapted to avoid the specific error at issue. Id.

The defense should be stricken because it does not contain a short and plain statement of any facts supporting the defense, as required by Fed. R. Civ. P. Rule 8. Schechter v. Comptroller of City of New York, 79 F.3d 265, 270 (2d Cir. 1996); Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989) (affirmative defenses stricken for barebone and conclusory allegations).

> Affirmative 'defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy.' *National Acceptance Co. of Am. v. Regal Prods., Inc.,* 155 F.R.D. 631, 634 (E.D. Wis. 1994).

Schechter, 79 F.3d at 270.

In addition, the conclusory assertion of bona fide error, devoid of any facts, does not comply with the particularity requirement of Fed. R. Civ. P. 9(b), which mandates that "In all averments of . . . mistake, the circumstances constituting . . . mistake shall be stated with particularity." Defendant has not described how any mistake (error) occurred. The Rule requires particularity, not bald conclusory assertions. "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1078 (7th Cir. 1997).

In Konewko vs. Dickler, Kahn, Sloikowsi & Zavell, Ltd., 2008 U.S. Dist LEXIS 40685 (N.D. Ill. May 4, 2008), the bona fide error defense was stricken for lack of particularity.

Pursuant to Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'" Id. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949.  Defendant's Third Affirmative Defense, which does not even include a formulaic recitation of the elements of the bona fide error defense, should be dismissed with permission to replead.

## CONCLUSION

Defendant's conclusory Third Affirmative Defense should be stricken for insufficiency or failure to state a claim.

THE PLAINTIFF

By\_\_\_/s/ Joanne S. Faulkner\_\_
Joanne S. Faulkner ct04137
123 Avon Street
New Haven CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

Certificate of Service

I hereby certify that on May 4, 2010 a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.
\_\_\_\_/s/ Joanne S. Faulkner\_\_\_
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net